# EXHIBIT A



FILED
___A.M. _____P.M.

NOV 29 2016

CANYON COUNTY CLERK
K RUIZ, DEPUTY

Jenny Franco
1385 N. Stephanie Lane #103
Nampa, ID 83651
(208) 466-9237

PRO SE

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO AND IN FOR THE COUNTY OF CANYON

| JENNY FRANCO, | CASE NO: CV-16-11744 |
|---|---|
| Plaintiff, | |
| vs. | SUMMONS |
| EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN INC, | |
| Defendant. | |

**TO: EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN INC.**

**NOTICE: You have been sued. The court may enter judgment against you without further notice unless you respond. Read the information below.**

Served with this Summons is a true and correct copy of the Complaint for Wrongful Discharge.

If you want to defend this lawsuit, you must file a written response (Answer or appropriate Rule 12 I.R.C.P. Motion) to the Complaint at the Court Clerk's office for the above-listed District Court, within 20 days from the service of this Summons.

If you do not file a written response the court may enter a judgment against you without further notice. A letter to the Judge is not an appropriate written response.

SUMMONS



Page | 1
JUDGE
CHRIS NYE

The written response must comply with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and include: your name, mailing address and telephone number; or your attorney's name, mailing address and telephone number; and the title and number of this case.

If your written response is an Answer, it must state the things you agree with and those you disagree with that are in the Complaint. You must also state any defenses you have.

You must mail or deliver a copy of your response to the Plaintiff or Plaintiff's attorney (at the address listed above), and prove that you did.

To determine whether you must pay a filing fee with your response, contact the Clerk of the District Court of the Third Judicial District Canyon County located at 1115 Albany Street, Caldwell, Idaho 83605.

If you are considering talking to an attorney, you should do so quickly to protect your legal rights.

Dated this 29 day of ~~August~~ NOV, 2016.

CLERK OF THE DISTRICT COURT

By: _____
         Deputy Clerk

SUMMONS                                                                                              Page | 2

FILED
___A.M. _____ P.M.
NOV 29 2016
CANYON COUNTY CLERK
K RUIZ, DEPUTY

Jenny Franco
1385 N. Stephanie Lane #103
Nampa, ID 83651
(208) 466-9237

PRO SE

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO AND IN FOR THE COUNTY OF CANYON

| JENNY FRANCO, | CASE NO: CV-16-11744 |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR WRONGFUL DISCHARGE |
| EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN INC, | |
| Defendant. | |

Plaintiff alleges:

### COUNT I:

I.

That she is an individual and resident of Canyon County, Idaho.

II.

That the Defendants are the last known Board of Directors and therefore, the Statutory Trustees for Easter Seals Goodwill Northern Rocky Mountain Inc., a defunct Idaho corporation.

III.

Plaintiff was an employee of Easter Seals Goodwill Northern Rocky Mountain,

COMPLAINT FOR WRONGFUL DISCHARGE  JUDGE 1
CHRIS NYE

Inc., from June 9th, 2010 to March 8th, 2016.

IV.

While an employee, Plaintiff, on more than one occasion, informed Defendants that they were violating employment regulations and Defendants Personal Policy Handbook concerning sexual harassment and hostile work environment, specifically involving instances of inappropriate sexual innuendos and personally derogatory comments. There were also unjust wages.

V.

As a result of voicing objections to these violations of the employment regulations, Plaintiff was discharged from her job; such retaliatory discharge is contrary to the public policy of the State of Idaho and of the United States.

VI.

Defendants' actions in such termination were willful and malicious toward Plaintiff.

VII.

As a proximate result of her termination, Plaintiff has suffered loss of income and loss of fringe benefits and other valuable job rights. Furthermore, Plaintiff has suffered emotional distress and mental anxiety. As a result of the emotional distress and mental anxiety, Plaintiff had to seek professional counseling and continues to be treated for the emotional distress and mental anxiety caused by the Defendants.

COUNT II:

I.

Plaintiff realleges the allegations in Count I of this Complaint.

II.

Defendants management and supervisory personnel, acting within the scope of their employment knowingly made and published false accusations to employees of Plaintiff, of Plaintiff's character, and honesty, and of her employment record. These false statements were made in bad faith and for no legitimate business purpose and were known to be false and were made with reckless disregard for the truth and there was actual malice on the part of said supervisor in the making of these false accusations.

III.

As a result of the above described actions, Plaintiff suffered harm to her personal and business reputation, humiliation, extreme emotional distress and mental suffering.

IV.

Defendants, as Statutory Trustees of Easter Seals Goodwill Northern Rocky Mountain, Inc. ratified and condoned the false accusations and defamation by their management and supervisory employee and is liable for the payment of compensatory damages.

COUNT III:

I.

Plaintiff realleges the allegations in Count I and Count II of this Complaint.

II.

The discharge of Plaintiff was the proximate result of the intentional and malicious infliction of emotional distress by Defendants, which constitutes a tort under the law of the State of Idaho.

WHEREFORE, Plaintiff prays as follows:

1. That the Defendants pay to the Plaintiff back or lost wages, loss of fringe benefits, loss of future earnings and benefits, in an amount of $350,000.00.

2. That the Defendants pay to the Plaintiff an amount to be determined at trial for emotional distress and loss of reputation damages.

3. That the Plaintiff be awarded a reasonable attorney fee and costs as set by the Court.

4. For such other and further relief as the Court deems just.

Dated this 18th day of August, 2016.

_____
Jenny Franco, Plaintiff

## VERIFICATION

STATE OF IDAHO          )
                        ) ss.
County of Canyon        )

Jenny Franco, being duly sworn upon oath, states as follows:

That I, have completed and read the foregoing document, and the facts therein stated are true and are my wishes. I am of sound mind and sign this knowingly and willingly.

_____
Jenny Franco, Plaintiff

SUBSCRIBED AND SWORN to before me this 19th day of August, 2016.

(SEAL)

_____
Notary Public for Idaho
Residing at: Homedale, Idaho
My commission expires: 4/13/2017

COMPLAINT FOR WRONGFUL DISCHARGE                                Page | 4

F I L E D
_A.M. 150 P.M.
NOV 29 2016
CANYON COUNTY CLERK
K RUIZ, DEPUTY

Jenny Franco
1385 N. Stephanie Lane #103
Nampa, ID 83651
(208) 466-9237

PRO SE

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO AND IN FOR THE COUNTY OF CANYON

| JENNY FRANCO, | CASE NO: CV-16-11744 |
|---|---|
| Plaintiff, | |
| vs. | AFFIDAVIT OF JENNY FRANCO |
| EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN INC, | |
| Defendant. | |

State Of Idaho           )
                         : ss.
County of Canyon         )

    Jenny Franco, over the age of 18, of sound mind, being first duly sworn on oath, deposes and states the following:

1. That I am the Affiant and the Plaintiff in this case. I have personal knowledge of the facts and events in this matter.

2. I was employed at Easter Seals Goodwill Northern Rocky Mountain Inc. from June 9th, 2010 and May 11th, 2016

3. A co-worker was yelling and at one point called me names. I went to the supervisor and was told by her that it was my fault. She didn't address it with the co-worker. I was also told that if I talked about it anymore then I would

AFFIDAVIT IN SUPPORT OF
COMPLAINT FOR WRONGFUL
DISCHARGE



Page | 1  JUDGE
CHRIS NYE

lose my job.

4. On or about December 6, 2012, a co-worker and I played a joke on each other. Several of my co-workers and I were laughing about it and the supervisor wrote me up. No one had any complaints and the co-worker and I had no issues with each other.

5. Ken "Raymond" Bastain, a manager, gave me his home phone number and told me that I could call him at home anytime.

6. On or about October 9, 2013, I was called into the office by Delia Potter, a supervisor, after a co-worker and I were talking. During the conversation, I had made a joke to the co-worker about "these drug tests". I was told that I would receive a write up for that.

7. On or about that same day, Jason Coursey told me that I would not receive a write up.

8. Then later that day, I was written up by Delia Potter for that conversation. I was told by Jason that he was "backing Delia up".

9. On or about October 21, 2013, I put in a written request that I feared retaliation and asked for an advocate. I did not receive any assistance and did not receive an advocate.

10. On my annual review, Jason wrote down an incident that happened on or about August 9, 2013. This was a round-about way to write me up for that. When I tried discussing this with Jason, he called me argumentative.

11. On or about November 18, 2013, I received a write up about a customer complaint. I would not sign the write up because the incident didn't happen. I wasn't involved and didn't know about it. I was encouraged by co-worker, Rhonda, to talk to Jim Gantos (Jason's boss) about the situation. I could tell by the way he rolled his eyes while I was talking and his tone of voice with me that I would not receive any assistance in the matter.

12. On or about April 2, 2013, I was talked to about being rude and disrespectful. The supervisor thought I had been talking to him. In fact, I was joking around with a co-worker, with both of us making jokes. I tried explaining this to

Dave, but he didn't listen to me.

13. On or about June 19, 2013, Delia Potter along with Jason Coursey were in my register. I said something about this, as it is against policy for anyone else to be in an assigned register. I was told that Delia would put it in writing.

14. On or about October 10, 2013, I was told by Ken Bastain to show Jason Coursey the tickets. I had a situation with a family member and Jason had already said, "Yes, let me know the dates".

15. On or about October 10, 2013, I asked to speak to Rhonda and was told to talk to Jason. I stayed respectful and did not "yell" at him. At times my voice is loud, and he took this as yelling at him. I felt like Jason was still mad at me because of the trip I took earlier.

16. I wrote complaints about what was going on and my fears and concerns to Marie Higgens in HR from the dates 10/9/2013, 10/10/2013 and sent it to her on November 11, 2013.

17. I did not get a response and nothing changed.

18. These issues and concerns continued through 2014 and 2015 which I can show the court at a hearing. Some of the incidents during this time included, but were not limited to: rude and belittling comments, making fun of my clothes, calling me a "little puke". Instead of the supervisors addressing this with the people that were bullying me, they would tell me that I was being disrespectful and talk to me like I was a child. One supervisor, Rhonda, told me that I just needed to be positive and respectful.

19. On or about January 21, 2016, Sherri made a statement that was sexually harassing and made me feel extremely uncomfortable. Sherri told me that I could make extra money by being a pole dancer. A supervisor was there when this was said and nothing was done. Sherri also made obscene gestures when she made the comment.

20. It was degrading and made me feel vulnerable and uncomfortable. When I tried to talk to a supervisor about Sherri's comments and her behavior, I was told that I just wanted to go home.

AFFIDAVIT IN SUPPORT OF
COMPLAINT FOR WRONGFUL
DISCHARGE                                                                                          P a g e | 3

21. On or about February 15, 2016, Sherri commented on my weight, asking how much weight I had lost and how I looked. Her tone was demeaning and loud. Sherri's tone of voice was not complimentary, it was degrading and rude. The men in the room stopped working and stared at me. I went to the supervisor Jake, and nothing was done.

22. To make matters worse, on or about February and March of 2016, Ken Bastain, a supervisor, asked me to go camping with him and another guy. Ken was my supervisor and I told him that I couldn't go with him.

23. Ken wrote me a letter with "his" poem and asked me to read it. I felt uncomfortable and violated.

24. Ken wrote me up for small incidents as retaliation.

25. Sherri continued behavior that was sexually harassing and uncomfortable for me.

26. The co-workers and supervisors caused a hostile work environment for me. The supervisors would not help me or reprimand Sherri for her comments or behavior.

27. Instead I was getting write-ups for small and irrelevant things. This was done in a retaliation for my complaints and attempts to stop the comments and behavior in my workplace.

28. I felt as if they were teaming up together against me and were trying to make me quit.

29. I was wrongfully terminated and should be given my job back and compensated for the loss of work.

30. During the time working there and since my termination, I have had to seek counseling to deal with the emotional stress, fear and anxiety from working there and being fired for no reason.

I affirm and declare that the foregoing is true to the best of my knowledge and belief.

Witness my hand under the penalties of perjury this __18th__ day of August, 2016.

_Jenny P. Hall_
Jenny Franco

AFFIDAVIT IN SUPPORT OF
COMPLAINT FOR WRONGFUL
DISCHARGE                                                                                    Page | 4

SUBSCRIBED AND SWORN to before me this 18 day of August, 2016.

[Notary Seal: BRENDA CAMERON, NOTARY PUBLIC, STATE OF IDAHO]

Notary Public for Idaho
Residing at: Homedale, ID.
My Commission expires 4/13/2017

AFFIDAVIT IN SUPPORT OF
COMPLAINT FOR WRONGFUL
DISCHARGE

Page | 5